Rosario GAMBINO, Petitioner,

v.

Eric H. HOLDER, Jr.,* Attorney
General, Respondent.

No. 08–71381.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 16, 2009.

Filed Feb. 18, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Eric H. Holder, Jr. is substituted for his predecessor, Michael Mukasey, as Attorney General

Patrick Joseph Sandoval, Esquire, Gallagher Sandoval, Los Angeles, CA, for Petitioner.

David V. Bernal, Assistant Director, Jesse Matthew Bless, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, District Counsel, Esquire, Office of The District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of The District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: KOZINSKI, Chief Judge, FISHER and IKUTA, Circuit Judges.

## MEMORANDUM **

Based on a thorough and careful analysis of the evidence, the immigration judge (IJ) granted Gambino's petition for deferral of removal under the Convention Against Torture (CAT), finding it more likely than not that Gambino would be tortured, as defined in 8 C.F.R. 1208.18(a)(1) if he were removed to Italy. The Board of Immigration Appeals (BIA) reversed. In an opinion independently analyzing the record and relevant case law, the BIA concluded that Gambino failed to carry his burden of establishing that it is more likely than not that he will be tortured if returned to Italy.

Reviewing the evidence in the record as a whole, we cannot say we are *compelled* to hold that it is more likely than not that Gambino will be tortured if he is returned to Italy. *See Morales v. Gonzales*, 478 F.3d 972, 977 (9th Cir.2007). To constitute torture, severe pain must be inflicted on a person for some proscribed purpose and with the specific intent to cause pain or suffering. *See Villegas v. Mukasey*, 523 F.3d 984, 988–89 (9th Cir.2008); *Nuru v.*

---

of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Gonzales,* 404 F.3d 1207, 1217 (9th Cir. 2005); *see also* 8 C.F.R. § 1208.18.

The BIA made no adverse credibility determinations regarding Gambino's witnesses, whom the IJ expressly found credible, and therefore their testimony is afforded a "rebuttable presumption of credibility on appeal." 8 U.S.C. § 1229a(c)(4)(C). Gambino's witnesses testified that the conditions in a 41 *bis* facility are harsh. There was also testimony that in some instances prison officials engaged in acts such as beatings and sexual violence to inflict severe pain and suffering on some prisoners for the purpose of obtaining information and coercing cooperation with the government. To the extent that any language in the BIA's opinion implies that such acts cannot meet the definition of torture for purposes of CAT, we disagree; the described acts unquestionably constitute torture under 8 C.F.R. § 1208.18(a)(1).

Additionally, however, Gambino's witnesses testified to the following: The purpose of the 41 *bis* regime is not to inflict torture, but to house exceptionally dangerous criminals and prevent them from continuing to direct criminal activities from prison. The substandard living conditions and limited access to health care are due to budgetary problems, and the conditions in the facilities are in some respects comparable to conditions in American supermax prisons. Italy officially opposes torture, and when incidents of torture in the 41 *bis* facilities have occurred, the Italian government has investigated and addressed them. Italy adheres to international human rights standards and the 41 *bis* system is subject to inspection by international bodies. Thus, although there is evidence of isolated and discrete incidents of torture occurring in 41 *bis* facili-

ties, there was also substantial evidence supporting the BIA's determination that Gambino failed to carry his burden of proving it was more likely than not that he would be tortured upon his return to Italy. *See Arteaga v. Mukasey,* 511 F.3d 940, 949 (9th Cir.2007).

PETITION FOR REVIEW DENIED.